IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MICHAEL BURRUSS | § | |
| v. | § | CIVIL ACTION NO. 9:05cv118 |
| RICHARD ALFORD, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Michael Burruss, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Burruss complained that Warden Alford put a $710.00 hold on his commissary account and would not release it. He says that he was convicted of trafficking and trading in July of 2004 and that a hold was put on his account, apparently to determine if there was any type of extortion involved, which Burruss says there was not. This hold was replaced with a "different type of hold" on July 27, 2004. At that time, Burruss says, his account balance was listed as negative $526.27, but his monthly statements continued to show a balance of $183.73. He could not make commissary purchases because he had a negative balance and once, when his sister sent him $30.00, his monthly statement showed a balance of $213.73 but when he tried to make a commissary purchase, he got a slip showing a negative balance of $492.27.

Burruss indicates that he should not owe any money, saying that although money was deposited into his account by the families of other inmates, this was done "for the benefit of the persons who initiated the deposit." He explains that these inmates did receive the funds in question

1

by "accompanying him to the commissary and having Burruss make purchases for them," rather than simply doing it themselves.

After review of the pleading, the Magistrate Judge issued a Report on February 2, 2006, recommending that the lawsuit be dismissed. The Magistrate Judge stated that Burruss' complaint involved the deprivation of property and noted that in a case called Austin v. Ward, 92 Fed.Appx. 80 (5th Cir., Feb. 17, 2004), the Fifth Circuit stated that the forfeiture of $1,200.00 from inmate Austin's account did not violate due process, even if unauthorized, because the inmate had a meaning state post-deprivation remedy such as a state-law action for conversion.

The Magistrate Judge went on to state that even if this deprivation was done pursuant to established state procedures, Burruss still has not set out a claim because he received pre-deprivation process. The Magistrate Judge therefore concluded that Burruss' claim should be dismissed.

Burruss filed objections to the Magistrate Judge's Report on February 21, 2006. In his objections, Burruss acknowledges that he received a disciplinary case for trafficking and trading, but says that this case did not involve any allegations that he had extorted anyone, and that the punishment imposed for this case did not include the forfeiture of money. Consequently, he says that he did not receive pre-deprivation process because he had no notice that the money would be taken.

Burruss' objections make clear that the deprivation of his money was not done pursuant to an established state procedure, and so the analysis of Logan v. Zimmermann Brush Co., 455 U.S. 422, 435-36 (1982), involving the availability of pre-deprivation process, does not apply.[1] He has not shown that it was a defective or unconstitutional state procedure itself which caused the deprivation, but rather indicates that it was wrongful action by prison officials, such as forfeiting his money without a showing of extortion, which caused the deprivation. See Holloway v. Walker, 784 F.2d 1287, 1292 (5th Cir. 1986); Collins v. King, 743 F.2d 248, 254 (5th Cir. 1984). Consequently,

---

[1] Where an established state procedure causes the deprivation, pre-deprivation process is required. However, if the deprivation is the result of a random or unauthorized action, post-deprivation process is all that is required. Hudson v. Palmer, 468 U.S. 517 (1984). Burruss makes clear that it was not the procedures themselves but the allegedly wrongful actions of prison officials which form the basis of his complaint.

Burruss' case is akin to Austin, which involved the unauthorized deprivation of $1200.00 from an inmate's trust account. In that case, the Fifth Circuit stated that the deprivation did not violate due process because a meaningful state post-deprivation remedy exists. *See also* Murphy v. Collins, 26 F.3d 541, 543-44 (5th Cir. 1994); Simmons v. Poppell, 837 F.2d 1243 (5th Cir. 1987). Burruss has available the same post-deprivation remedies, including a state court conversion action, and so his federal claim is without merit.

The Court has conducted a careful *de novo* review of the record in this case, including the Plaintiff's pleadings, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous as to its refiling in federal court, but without prejudice as to any relief under state tort law which Burruss may seek in the courts of the State of Texas. It is further

ORDERED that any and all motions which may be pending in this lawsuit are hereby DENIED.

**SIGNED** this the 1 day of **March, 2006.**

_____
Thad Heartfield
United States District Judge